STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

                                                      CASE TYPE: Breach of Contract

Thomas P. Noonan and
Annette M. Noonan,                                    Court File No.: _____
                                                      Judge: _____
         Plaintiffs,

vs.
                                                      **SUMMONS**

American Family Mutual Insurance Company,

         Defendant.

---

THIS SUMMONS IS DIRECTED TO: The above-named Defendant.

    **1.** **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    **2.** **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439.

    **3.** **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4.** **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for

the relief requested in the Complaint.

     **5.**    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6.**    **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 27, 2016

**Hellmuth & Johnson, PLLC**

*(signature)*

Edward E. Beckmann, ID #29309X
8050 W. 78th Street
Edina, MN 55439
(952) 460-9226
ebeckmann@hjlawfirm.com

*Attorneys for Plaintiffs*

## ACKNOWLEDGMENT

I hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

*(signature)*

Edward E. Beckmann, ID #29309X

2885937

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: Breach of Contract |

Thomas P. Noonan and
Annette M. Noonan,

      Plaintiffs,

vs.

American Family Mutual Insurance Company,

      Defendant.

Court File No.: _____

**COMPLAINT**

Plaintiffs, by and through their counsel, for their Complaint against American Family Mutual Insurance Company, ("American Family"), state and allege as follows:

### THE PARTIES

1. Thomas P. and Annette M. Noonan (the "Noonans") are individuals residing at 15610 Logarto Lane, Burnsville, Minnesota, 55306-5135.

2. American Family Mutual Insurance Company ("American Family") is a Wisconsin corporation organized and existing under the laws of the State of Wisconsin and with a registered office address at the Department of Commerce of 6000 American Parkway, Madison, WI 53783.

### FACTS

3. On or about July 18, 2015, a storm damaged property held by Noonan.

1

4. At all times relevant, American Family insured the property pursuant to Policy No. 22PJ-7936-01.

5. The Noonans filed a claim and American Family assigned Claim No. 00315065571-1700.

6. The Noonans and American Family disputed the amount of the loss.

7. The Noonans invoked the appraisal clause set for in the American Family policy and mandated by Minn. Stat. § 658.01 Subd. 3. American Family consented to an appraisal, and an appraisal panel was nominated.

8. On May 24, 2016, G. Lynn Palma, of American Family, certified a true and correct copy of the declarations, insuring agreements, terms, conditions, limitations, exclusions and applicable endorsements for the subject property.

9. The certified policy states, among other things:

Matching of Undamaged Property. We will not pay to repair or replace undamaged property due to mismatch between undamaged material and new material used to repair or replace damaged material except mismatches because of quality, color or size.

10. On September 22, 2016, the public adjuster for the Noonans and representatives of American Family consented to an appraisal award form used by the appraisal panel. The form did not ask any questions of fact specific to any alleged exclusion.

11. On said date, the appraisal panel issued its decision and awarded the Noonans $141,000.00 in replacement costs value. Of that amount, the panel awarded $136,300.89 in actual cash value.

12. The appraisal award notes "this is a matching issue alternative products do not match current shingle on the roof."

2

13. There is no legal significance to this comment given the express terms of the policy.

14. The Noonans entered appraisal relying on the certified copy of the policy.

15. On September 29, 2016, American Family announced that it would unilaterally reduce the amount owed by $87,232.98 under the theory that the replacement cost value award did not reflect "direct physical damage."

16. American Family is not entitled to a unilateral reduction of the amount owed, per the express terms of the appraisal clause in the policy that resolves all issues of scope in appraisal with finality, the matching language quoted above, and Minn. Stat. Sec. 65A.01 subd. 3.

17. American Family failed to seek amended findings from the appraisal panel within the twenty-day deadline prescribed by Minn. Stat. Sec. 572B.20.

18. American Family's policy requires payment of the appraisal award within thirty days.

19. American Family failed to issue payment of the actual cash value award within thirty days of the policy.

## COUNT I
## Declaratory Judgment

20. Plaintiffs restate and reallege the allegations set forth above pursuant to the Minnesota Declaratory Judgment Act, Minn. Stat. § 555.01 et seq., an adjudicable controversy exists between American Family and the Noonans with respect to American Family's policy. Specifically, the Noonans are entitled to immediate payment of the full amount of the appraisal award.

21. American Family's policy requires payment of the appraisal award within 30 days of the award. This language is mandated by statute. Minn. Stat. 65A.01 subd. 3.

22. American Family failed to issue payment of the actual cash value awarded in appraisal within thirty days pursuant to the express provisions of its policy.

23. American Family waived any right to ask for any finding of fact that speaks to any alleged exclusion.

24. American Family failed to seek any amended findings within the 20-day deadline required by Minn. Stat. Sec. 572B.20.

25. That American Family's attempt to unilaterally reduce the amount owed per the appraisal award is a nullity.

26. The Noonans pray for a declaration of full coverage of the amounts awarded by the appraisal panel pursuant to the express terms of the policy and Minn. Stat. § 65A.01 subd. 3.

## COUNT II
### Breach of Contract

27. Plaintiff restate and reallege all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

28. The Noonans and American Family entered into a valid enforceable contract whereby American Family agreed to provide certain policy benefits.

29. One policy benefit is payment of an appraisal award within thirty days of the award.

30. This contractual language is mandated by statute. Minn. Stat. § 65A.01 Subd. 3.

31. The Parties, through their representatives, agreed to an appraisal panel which issued an award on September 21, 2016.

32. American Family failed to issue payment of the Actual Cash Value awarded in appraisal within 30 days, a breach of the express terms of the policy and contrary to Minn. Stat. Sec. 65A.01 subd. 3.

33. American Family failed to ask the appraisal panel for any finding of fact specifically pertaining to exclusion.

34. There is no exclusion that would preclude coverage giving the express coverage of material that is non-matching.

35. American Family's attempt to unilaterally reduce the amount due under the appraisal award is a breach of American Family's policy.

36. American Family's breach and the coming winter has required the Noonans to expend additional summons to repair the roof through the winter while they await full payment of the actual cash value from American Family.

37. As a direct and proximate result of American Family's conduct, the Noonans have been damaged in an amount at least $50,000, with an exact amount to be proven at trial.

## COUNT III
### Confirm Appraisal Award

38. Plaintiff restate and reallege all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

39. Confirmation of appraisal awards are governed by Minn. Stat. Sec. 572B.

40. The Noonans pray for an order confirming the appraisal award, and that it be reduced to a judgment and enforced like any other judgment in a civil action. Minn. Stat. § 572B.25(a).

41. For all reasonable costs as provided by statute. Minn. Stat. § 572B.25(b).

42. For all reasonable attorney fees as provided by statute. Minn. Stat. § 572B.25(c).

WHEREFORE, the Plaintiffs pray for the following relief:

A. A judgment in the amount of at least $50,000, with an exact amount to be proven at trial.

B. For an order confirming the appraisal award.

C. For all costs and disbursements as provided by statute.

D. For all attorneys fees as provided for by Minn. Stat. § 572B.25(c).

E. For pre-judgment and post-judgment interest.

F. For the Court to consider a claim for bad faith according to the procedure set forth in Minn. Stat. Sec. 604.18.

G. For any and other further relief deemed just and equitable.

**Hellmuth & Johnson, PLLC**

Dated: October 27, 2016

Edward E. Beckmann, ID #29309X
8050 W. 78th Street
Edina, MN 55439
(952) 460-9226
ebeckmann@hjlawfirm.com

*Attorneys for Plaintiffs*

## ACKNOWLEDGMENT

I hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Edward E. Beckmann, ID #29309X

2885926